IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| CHUBB CUSTOM INSURANCE COMPANY, as Subrogee of Wilkinson Real Estate Advisers, Inc., <br><br> Plaintiff, <br><br> v. <br><br> GREGORY EARL TORIAN, <br><br> Defendant. | CV 113-071 |

**O R D E R**

Presently pending before the Court is Plaintiff's Amended Motion for Default Judgment. (Doc. 14.) For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**I. BACKGROUND**

This case arises from a kitchen fire that ignited in Defendant's apartment on August 8, 2008. (Compl. ¶¶ 9, 10.) Defendant was a tenant of an apartment complex called Merrick Place Apartments ("the Property"), and occupied Apartment 10B located at 3188 Skinner Mill Road, Augusta, Georgia 30909. (Id. ¶ 6.) On August 8, 2008, Defendant left food on his stovetop to cook while he watched Barack Obama's acceptance speech at the Democratic National Convention. (Id. ¶¶ 10, 11.) At some point, Defendant returned to the kitchen to find flames "licking

up onto the kitchen cabinets." (Id. ¶ 13.) With smoke accumulating in his apartment and unable to immediately put out the fire, Defendant fled his apartment and called 911. (Id. ¶¶ 14, 15.) The fire proceeded to spread throughout Unit 10B and into other units of the complex, ultimately causing substantial damage to the Property. (Id. ¶ 16.)

The Property was owned and operated by Wilkinson Real Estate Advisers, Inc. ("the Owner"), a Georgia corporation, and insured by Plaintiff under a policy issued to the Owner. (Id. ¶¶ 7, 8.) After the fire, the Owner made a claim on the policy for the damages sustained, and Plaintiff indemnified the Owner in the amount of $479,223.06 according to the terms of the policy. (Id. ¶ 18, 19.) This amount includes both the cost of repair to the building and the loss of rents suffered while the building could not be occupied. (Id. ¶ 19.)

Under the terms of Defendant's Lease Agreement, he was obligated: (1) to reimburse the Owner for damage to the Property beyond normal wear and tear resulting from his occupancy of Apartment 10B (Id. ¶ 28, Ex. A ¶ 23.); (2) to maintain liability insurance for damages suffered as a result of Defendant's negligence (Id. ¶ 28, Ex. A ¶ 15); and (3) to indemnify the Owner for any loss incurred as a result of any act or omission on the part of Defendant (Id. ¶ 28, Ex. A ¶ 19). Defendant has failed to do any of these. (Id. ¶ 29.)

2

On May 8, 2013, Plaintiff filed suit alleging that Defendant was negligent and in breach of the Lease Agreement. (Doc. 1.) Defendant was served on May 30, 2013. (See Doc. 9.) Defendant failed to plead or otherwise respond to the Complaint. (Doc. 15.) Subsequently, Plaintiff filed its Amended Motion for Default Judgment on June 17, 2014, asserting that, pursuant to Federal Rule of Civil Procedure 55(b), the Court should enter a default judgment against Defendant on its negligence and breach of contract claims. (Doc. 14.)

## II. DISCUSSION

"[D]efendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for a judgment entered . . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A defendant, by his default, is only deemed to have admitted the "plaintiff's well-pleaded allegations of fact." Id. "[T]hree distinct matters [are] essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

3

## A. Jurisdiction

The parties in this case are diverse and the amount in controversy exceeds $75,000. Thus, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Moreover, this Court has personal jurisdiction over Defendant because he is a resident of Georgia.

## B. Liability

Based on Plaintiff's allegations and the evidence in the record, the Court is satisfied that the well-pleaded allegations of the Complaint state a cause of action for breach of contract against Defendant and that there is a substantive, sufficient basis in the pleadings for the relief Plaintiff seeks.[2] The evidence submitted by Plaintiff includes the Lease Agreement (Compl., Ex. A) and the Declaration of Laura Prickett, the Regional Recovery Claims Examiner for Plaintiff (Doc. 14, Ex. 1 ("Prickett Decl.")), which includes the payment records associated with this claim.

Under Georgia law, the elements for a breach of contract claim are: "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Norton v. Budget Rent A Car Sys., Inc., 307 Ga. App. 501, 502 (2010). Here, the record reveals that Defendant breached the terms of the Lease Agreement. Specifically, the

---

[2] Plaintiff's Complaint sets forth two causes of action – negligence and breach of contract. Because the Court is satisfied that Plaintiff has established a claim for breach of contract, it need not address Plaintiff's negligence claim.

4

Lease Agreement required Defendant: (1) to reimburse the Owner for damage to the property beyond normal wear and tear (Compl., Ex. A ¶ 23); (2) to maintain liability insurance (id. ¶ 15); and (3) to indemnify the Owner for any losses incurred as a result of Defendant's conduct (id. ¶ 19). By virtue of his default, Defendant has admitted that he failed to reimburse Plaintiff or the Owner for damage to the Property beyond normal wear and tear. (Id. ¶ 29.) Additionally, Defendant did not maintain liability insurance and, consequently, failed to indemnify the Owner for losses resulting from the fire. (Id. ¶¶ 15, 19.)

Moreover, as subrogee of the Owner, Plaintiff "stands in the shoes" of the Owner and can pursue any cause of action assigned to it. See Ga. Cas. & Sur. Co. v. Woodcraft by MacDonald, Inc., 315 Ga. App. 331, 336 (2012) (quoting Landrum v. State Farm Mut. Auto. Ins. Co., 241 Ga. App. 787, 788 (2000)). Accordingly, the Court finds that, based on the well-pleaded allegations in the Complaint and record evidence, Defendant is liable for damages resulting from his breach of the Lease Agreement.

**C. Damages**

Notwithstanding the propriety of default judgment against Defendant, it remains incumbent on Plaintiff to prove its damages. "While well-pleaded facts in the complaint are deemed admitted, [a plaintiff's] allegations relating to the amount of damages are not admitted by virtue of default; rather, the court

5

must determine both the amount and character of damages." Whitney Nat'l Bank v. Flying Tuna, LLC, No. 11-0249, 2011 WL 4702916, at *3 (S.D. Ala. Oct. 4, 2011). Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award). However, a judicial determination of damages is unnecessary where the claim is for a sum certain or for a sum which can by computation be made certain. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1364 n. 27 (11th Cir. 1997); see also S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005).

Plaintiff shows that on October 3, 2008, it made a loss payment to the Owner in the amount of $399,820.00, representing the actual cash value of the building less the policy deductible. (Prickett Decl. at 4.) Subsequently, Plaintiff made two loss payments on December 24, 2008, in the amount of $25,450.00 and $1,192.00, to reimburse the Owner for demolition costs and temporary repairs. (Id. at 5-6.) The record also shows that Plaintiff made a final loss payment on February 2, 2009, in the amount of $2,761.06 for further repairs. (Id. at 7.) Consequently, Plaintiff is entitled to entry of default

judgment against Defendant in the sum of **$429,223.06**, representing the total amount of all payments made for damages caused by the fire.

### IV. CONCLUSION

Based upon the foregoing, Plaintiff's motion for default judgment (Doc. 14) is **GRANTED**. The Clerk is instructed to enter judgment in favor of Plaintiff and against Defendant in the total amount of **$429,223.06**. The Clerk is **DIRECTED** to **TERMINATE** all deadlines and motions, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of September, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA